SCHOTT, Chief Judge.
This is an action for judicial review of action taken by the Louisiana Racing Commission. Plaintiffs are the owners of two thorough bred race horses who are seeking to reverse an order of the Commission which reversed two Stewards’ Rulings which were favorable to plaintiffs. The trial court dismissed plaintiffs’ petition and they have appealed.
A horse named B.J.’s Delta Pro (hereafter Pro) finished first in the Bayouland Trials Race at Evangeline Downs on July 26, 1991. This qualified Pro to run in the Bayouland Sales Stakes Race scheduled for August 4. However, a urine sample taken after the Trials Race tested positive for phenylbuta-zone which would disqualify Pro from the Stakes Race. After Pro was scratched on August 3 his owner, Murray Vallene, and trainer, Troy James Young, obtained a temporary restraining order from the Civil District Court of the Parish of Orleans allowing Pro to compete in the Stakes Race.
Pro won the Stakes Race and plaintiffs’ horses finished second and third. On August 5 the Stewards issued Ruling 070 which disqualified Pro from first place money from the July 26 race and suspended his trainer for fifteen days. After getting a lab report that the split sample of Pro’s urine taken after the July 26 race tested positive the Stewards on August 23 issued Ruling 096 redistributing the Stakes Race purse so that Pro was disqualified and plaintiffs were awarded first and second place money. Pro’s trainer, Young, appealed to the Racing Commission which reversed the Stewards’ Rulings and restored the first place money to Pro. From this ruling plaintiffs filed their petition for judicial review. Pro’s owner and trainer intervened on the side of the Commission.
*2 In dismissing the petition the trial judge found that Pro had phenylbutazone in his system when he won on July 26, but “the amount of the substance was within legal and regulatory limits for a two-year old horse.”
LAC 35:I.1722 contains an absolute prohibition against prescribing, dispensing or administering medication to a two-year old horse to be raced or racing. LAC 35:I.1729 provides that a report that a urine sample has tested positive for a prohibited medication establishes a prima facie case that the medication has been administered to the horse. The trial court did not cite any regulations which allow any amount of phenylbu-tazone in a two-year old horse and we are aware of none. The regulations cited above do not allow for any amount to be present.
In this court intervenors argue that the amount of the medication in Pro’s urine was so infinitesimal that it might be a violation of LAC 35.I.1503 which provides for no medication for two-year old’s and states that the presence of any drug in a two-year old’s urine specimen “regardless of the level thereof” shall be prima facie evidence a violation of that rule. But since the Stewards failed to charge intervenors with a violation of LAC 35:1.1503 its stringent requirement has no application and the Stewards were relegated to the looser, less stringent requirements of the rules first cited above.
This argument has no merit. We fail to see anything in LAC 35:I.1722 which allows any amount of medication in a two year old horse. Intervenors seem to embrace some sort of unwritten custom or practice of the Commission to apply its rule only when a minimum amount of medication is present in a sample. But that is not the Commission’s published rule which it is bound to follow. If it wishes to change its rules it may do so in accordance with law and proper administrative procedure.
Accordingly, the judgment of the trial court is reversed as is the ruling of the Racing Commission awarding first place money to Pro and relegating plaintiffs’ horses to second and third place. The case is remanded to the Racing Commission for the purpose of redistributing the purse from the Bayouland Sales Stakes Race of August 4, 1991, so that B.J. Delta Pro is disqualified from participation in the purse and plaintiffs’ horses are awarded first and second place money from the purse. All costs of these proceedings are assessed against the Racing Commission and intervenors.
REVERSED, RENDERED, AND REMANDED.