SCHOTT, Chief Judge.
On the application of Murray Valene, Troy James Young and Valene Farms, appellees, we granted a rehearing. They contend that this court erred in finding that Young violated LAC 35:1503 because he was not initially charged with violating that rule; in finding that Young was guilty of violating LAC 35:1722; and in treating Young’s violation as a violation of the prohibited substance rules rather than a violation of the permitted substance rules contrary to Cart v. Louisiana State Racing Com’n, 591 So.2d 409 (La.App. 4th Cir.1991).
The stewards initially charged Young with violating LAC 35:1 §§ 1722, 1729, 1737 and 1739. § 1729 provides that when a report is positive for a forbidden narcotic or drugs of any description not permitted by Chapter 15 this shall be taken as prima facie evidence that such as been administered to the horse. § 1737 speaks of any drug or substance not permitted by Chapter 15 or prohibited by § 1719. In order to determine whether ap-pellees were properly charged with violating these sections of Chapter 17 we must refer to Chapter 15 to determine if phenylbutazone is not permitted by the chapter. Although the use of this substance is permitted in general by § 1509 its use in a two year old is never permitted under § 1503. Consequently, phe-nylbutazone in a two year old is not permitted by Chapter 15 in this case and Young was properly charged with violating §§ 1729 and 1737.
The evidence was sufficient to support a finding that Young violated LAC 35:1:1722 by administering medication to a two year old because of § 1729’s provision that the presence of phenylbutazone in the sample was prima facie evidence that a drug not permitted for a two year old by Chapter 15 was administered to the horse.
Finally, the Cart ease provides no support for appellees’ position. Cart did not involve a two year old horse. Consequently, phenyl-butazone was a permitted drug for that horse. It is never a permitted substance for a two year old as in this case and under these circumstances the violation is the same as one involving a prohibited substances.
We reinstate our original opinion, 624 So.2d 1, as supplemented herein.

ORIGINAL OPINION REINSTATED.

BARRY, J., dissents with reasons.